United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAUL BARAJAS BAUTISTA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONS CENTER, *et al.*,

Respondents.

Case No.  1:26-cv-03676 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

This habeas action concerns the detention of Petitioner Raul Barajas Bautista ("Petitioner"), a noncitizen who has lived in the United States for over twenty-five years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus.

I.       **BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection or admission in or about 1986. Dkt. 1 ¶ 20. He subsequently began working with his family at their family-owned restaurant, and, up until his detention, lived with his wife and two children in the Dallas-Fort Worth region of Texas. *Id*. ¶¶ 20–22. On October 25, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings under INA § 240, 8 U.S.C. § 1229(a) following a conviction for driving under the influence. *Id*. ¶¶ 1, 21, 22. No final order of removal is in place.  He is now being detained at the California City Corrections Center. *Id*.

Petitioner filed a petition for writ of habeas corpus, arguing that his detention violates the

Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. *See* Dkt. 1 ¶¶ 32–54. In Respondents' three-page response to the petition, they rely entirely on the Government's new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes. Dkt. 8 at 1–2.

## II.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

The primary disagreement between the parties is whether Petitioner is subject to mandatory detention under 8 U.S.C § 1225(b)(2) ("Section 1225") as an "applicant for admission[.]" Dkt. 8 at 1–2. This Court agrees with the multitude of courts which have concluded that applying Section 1225 to non-citizens who have lived in the United States for many years and are arrested in the interior of the country—as is the case with Petitioner here—"(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases cases).

Further, Petitioner's single DUI conviction does not justify application of Section 1225.  Respondents do not point to any portions of the statute or case law that supports

United States District Court
Eastern District of California

the Government's position that a DUI conviction triggers the application of Section 1225.  Courts within this district are in accord.  *Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *4 (N.D. Cal. Dec. 18, 2025); *Dicxon Jose P.C v. Warden, California City Det. Facility*, No. 1:26-CV-02658-TLN-CSK, 2026 WL 1045516, at *3 (E.D. Cal. Apr. 17, 2026). As such, Petitioner's detention under Section 1225 is unlawful.

To remedy his unlawful detention, Petitioner seeks his immediate release, or in the alternative, an individualized bond hearing before a neutral adjudicator pursuant to 8 U.S.C. § 1226(a) ("Section 1226"). *See* Dkt. 1 at 19–20. In their opposition, however, Respondents do not argue that Section 1226 is applicable here. Rather, the only purported basis for Petitioner's detention is Section 1225. *See* Dkt. 8 at 2. As this application of Section 1225 is unlawful here, and Respondents have not provided any alternative lawful justification for Petitioner's detention, the Court presumes Petitioner is being detained absent statutory authority, and immediate release is warranted. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119; *Mayen v. Warden*, 2026 WL 1158217, at *2 (E.D. Ca. Apr. 29, 2026) ("Respondent have not suggested that any other detention authority justifies petitioner's detention. Therefore, the court finds that petitioner's detention is not authorized by statute and the appropriate remedy is petitioner's immediate release."); *Abasolo v. Warden*, 2026 WL 936965, at *1 (E.D. Ca. Apr. 7, 2026) (same); *Velasquez v. Warden*, 2026 WL 1102928, at *3 (E.D. Ca. Apr. 23, 2026) (noting that "where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release"); *Avalos v. Warden*, 2026 WL 1067507, at *4 (E.D. Ca. Apr. 20, 2026) (same); *Crispin M.C. v. Noem*, 2026 WL 70553, at *7 (E.D. Ca. Jan. 8, 2026) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petition presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.   Respondents immediately release Petitioner Raul Barajas Bautisa (A076-308-734) from their custody.

United States District Court
Eastern District of California

2.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: May 26, 2026

EDWARD J. DAVILA
United States Senior District Judge

United States District Court
Eastern District of California